# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEBRA CRAIG, an individual** ) | |
| ) | |
|    **Plaintiff(s),** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | |
| **DOLLAR TREE, a corporation, et al.** ) | |
| ) | |
|    **Defendant(s).** ) | |

_____

## NOTICE OF REMOVAL
_____

COMES NOW Defendant Dollar Tree Stores, Inc. (hereinafter "Dollar Tree" or "Defendant") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Debra Craig in the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice of Removal, Dollar Tree shows the following:

### A.  PROCEDURAL BACKGROUND

1.  This case was initially commenced by Plaintiff on June 11, 2021, in the Circuit Court of Jefferson County, Alabama, Bessemer Division, Case No. 68-CV-2021-900312.  The documents attached as Exhibit "A" constitute all of the process

and pleadings served, received, and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Defendant Dollar Tree *via* certified mail on June 11, 2021, and Dollar Tree was served with a copy of the Summons and Complaint on June 25, 2021. (*See* Ex. A).

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant will file a copy with the Clerk of the Circuit Court of Jefferson County, Alabama, Bessemer Division, as required by 28 U.S.C. § 1446(d).

## B. **DIVERSITY OF THE PARTIES**

6. Plaintiff is a resident citizen of the State of Alabama. (Exhibit "A", Complaint, ¶ 1).

7. Dollar Tree avers that it is a foreign corporation, incorporated under the laws of the State of Virginia with its principal place of business in the State of

Virginia. Thus, for diversity purposes, Dollar Tree is a citizen of the State of Virginia. 28 U.S.C. § 1332(c)(1).

8. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

9. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

10. The unanimity requirement for removal, which requires that all defendants consent to the removal has been satisfied. *See Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

## C. AMOUNT IN CONTROVERSY

11. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

12. Plaintiff's Complaint alleges claims of negligence and wantonness against Defendant and demands compensatory and punitive damages. (Exhibit "A", Complaint). Furthermore, on March 23, 2021 Plaintiff's counsel made a written settlement demand of $300,000.00 relying on "gross medicals…in excess of $127,000.00[.]". (A true and correct copy of this correspondence is attached hereto as Exhibit "B").

13. Thus, this case is removable either pursuant to 28 U.S.C. § 1446, which requires "an amended pleading, motion, order or other paper" if jurisdiction is not established by the initial pleadings, or recent precedent holding that a Complaint asserting claims of negligence and wantonness and alleging physical, emotional and economic damages, on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015) (granted plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where complaint contained a wantonness claim and alleged significant personal injuries); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under current Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000"); *Coleman v. Dollar General Corp.* No. 2:15-cv-01735 (N.D. Ala. December 18, 2015) (holding that when "Plaintiff has made 'an unspecified demand for damages in state court, a removing Defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds . . . the jurisdictional requirement,' "Eleventh Circuit precedent permits

district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable . . . The court may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements . . ." additionally, the Eleventh Circuit instructs that district courts "must consider punitive damages in determining the amount in controversy," unless it is apparent the same cannot be recovered.); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden").

14. Because there is a written settlement demand in this case for $300,000.00, citing medical bills in excess of $127,000.00 the amount in controversy can readily be established through use of "other paper." Specifically, in *Lowery v. Alabama Power Co.*, the Eleventh Circuit Court of Appeals held that the document which indicates federal jurisdiction – "be it the initial Complaint or a later received paper – and determines whether that document in the Notice of Removal

unambiguously establish federal jurisdiction." 483 F. 3d 1184, 1211 (11th Cir. 2007). In particular, the jurisdictional amount may be ascertained from a settlement demand letter, which falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), *cited by Lowery*, 483 F.3d at 1213, n. 62. *See also Golden Apple Management Co., Inc. v. GEAC Computers, Inc.*, 990 F.Supp. 1364 (M.D. Ala. 1998). Thus, the amount in controversy exceeds the jurisdictional requirement and the removal is proper under 28 U.S.C. §§ 1332 and 1446. *See Pretka v. Kolter City Plaza, III, Inc.*, 608 F.3d 744, 767 (11th Cir. 2010)("Section 1446(b) is based on the recognized policy of the federal courts to require, as far as possible, prompt action on the party of those seeking a removal so as to avoid the evils of the delay necessarily attendant upon the change of form.")(*citation omitted*).

15. In addition to the written settlement demand for $300,000.00, Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that she will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

16. While Defendant Dollar Tree denies it is liable to Plaintiff in any amount, Defendant does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint and written settlement demand.

17. Based upon the foregoing, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007); *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015).

## D. TIMELINESS

18. The removal is filed within thirty (30) days from when the last Defendant was served with the Summons and Complaint, and less than one (1) year from when the action was original commenced, and is therefore timely. 28 U.S.C. § 1446(b); s*ee Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1205 (11th Cir. 2008).

## E. CONCLUSION

19. Defendant has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, Bessemer Division, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 23rd day of July, 2021.

/s/ Virginia F. Gambacurta
GLENN E. IRELAND (ASB-4158-e51g)
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
A. BRITTON O'SHIELDS (ASB-4790-W46E)
Attorneys for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email: cireland@carrallison.com
          vgambacurta@carrallison.com
          boshields@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_ Facsimile transmission;
    \_\_\_\_\_ Hand Delivery;
    \_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
      XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

T. Geoffrey Dillard, Esq.
Timothy L. Dillard, Esq.
Dillard & Associates, L.L.C.
3928 Montclair Road, Suite 208
Birmingham, Alabama  35213
dillardandassoc@aol.com

/s/ Virginia F. Gambacurta
OF COUNSEL