FILED
2021 Jul-23  PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
6/11/2021 3:16 PM
68-CV-2021-900312.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93_. Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>68 |
|---|---|---|

Date of Filing:        Judge Code:
06/11/2021

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DEBRA CRAIG v. DOLLAR TREE

| First Plaintiff: | ☐ Business  ☑ Individual<br>☐ Government  ☐ Other | First Defendant: | ☑ Business  ☐ Individual<br>☐ Government  ☐ Other |
|---|---|---|---|

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
          Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

| **ORIGIN:** F ☑ INITIAL FILING | A ☐ **APPEAL FROM**<br>**DISTRICT COURT** | O ☐ **OTHER** |
|---|---|---|
| R ☐ **REMANDED** | T ☐ **TRANSFERRED FROM**<br>**OTHER CIRCUIT COURT** | |

| **HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO | Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |
|---|---|

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:**<br>DIL003 | 6/11/2021 3:16:52 PM<br>Date | /s/ TIMOTHY LEE DILLARD<br>Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:**        ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
6/11/2021 3:16 PM
68-CV-2021-900312.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

DEBRA CRAIG, an individual )
)
)
Plaintiffs )
) CIVIL ACTION NO.
vs. )
)
DOLLAR TREE, )
a corporation, Defendants 2, 3, and 4 )
those persons, firms, corporations, or )
entities d/b/a, DOLLAR TREE, )
Defendants 5, 6, and 7 )
those persons, firms corporations )
or entities responsible for maintenance )
and care of the alleged defective area )
on the premises on the occasion and date )
complained of in the complaint; )
Defendants 8, 9 and 10, those persons, )
firms, or corporations whose )
responsibility, duty or job assignment it )
was to convey warnings pertaining to the )
safety of the condition of the alleged )
defective area of the premises on the )
date and occasion complained of in the )
complaint; Defendants 11, 12 and 13, )
those persons, firms, or corporations )
whose duty or obligation it was to )
properly maintain where the Plaintiff )
fell on the occasion and date complained )
of in the complaint; Defendants 14, 15 )
and 16, those persons, firms or )
corporations responsible for the )
negligence complained of in the )
complaint or who in any way )
contributed to the Plaintiff's fall on )
the date and occasion complained; )
all of whose true names and legal )
identities are unknown to the Plaintiff )
at this time and will be added by )
amendment when ascertained, )
)
Defendants. )

## COMPLAINT

1.     The Plaintiff, Debra Craig, is a resident of Jefferson County, Alabama, and is over the age

of nineteen (19).  The Defendant, Dollar Tree, is a corporation doing business in Bessemer,

Jefferson County, Alabama.

2.     At all times material to the Complaint, it was the duty of the Defendants to maintain their

premises in a safe condition for the protection of the Plaintiff and all persons lawfully upon

or using said premises.

3.     Plaintiffs aver that on or about July 11, 2020, the Defendant negligently and/or wantonly

maintained and/or failed to maintain their premises in a safe condition, and as a result the

Plaintiff, Debra Craig was injured on the Defendants' premises.  Plaintiff further avers that

the Defendant failed to adequately warn the Plaintiff of said defective condition, and/or

negligently/wantonly failed to maintain the premises in a safe condition on the date in

question.

4.     Plaintiff further avers that her injuries occurred as a direct result of the Defendant's

negligence or wantonness and as a direct result of the condition of the Defendant's premises.

Said defects were known to the Defendant or should have been known to the Defendant with

the exercise of due care.

5.     The Plaintiffs aver that as a direct and proximate result of the Defendant's negligence or

wantonness the Plaintiffs sustained the following injuries:

> **The Plaintiff, Debra Craig, suffered injuries to her neck, hips, arms,
> legs, head and back, and was bruised and contused about the various
> and separate parts of her body; she was made sick and sore and her
> internal system was shocked and impaired; she experienced great
> physical pain and mental anguish and will continue to experience same
> in the future; she was caused to seek medical treatment in and about**

**an effort to heal her aforesaid injuries; she was caused to incur great expenses for medical and drug bills as a result of treatments for her aforesaid injuries and will in the future be caused to undergo medical treatment and incur medical expenses as a result of said injuries; she was rendered less able to enjoy her normal duties, activities and pursuits; and she was permanently injured.**

6.     Plaintiff avers that the Defendant, both named and fictitious are guilty of committing the above referenced acts, and each count of the Complaint is intended to apply to each Defendant to the extent applicable.   Plaintiff avers that the identity of the fictitious Defendants is unknown to her at the time of filing the Complaint, and will be added by amendment once ascertained.

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff demands judgment against the Defendants in compensatory and punitive damages in an amount to be determined by a jury, plus interest and costs of court.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorney for Plaintiffs**

/s/T. Geoffrey Dillard
T. Geoffrey Dillard (DIL028)
Timothy L. Dillard (DIL003)
Dillard & Associates, L.L.C.
3928 Montclair Road, Suite 208
Birmingham, AL 35213
Telephone:     (205) 251-2823
Facsimile:     (205) 251-3832
Dillardandassoc@aol.com

**Trial Counsel**
**T. Geoffrey Dillard**
**Timothy L. Dillard**

**\*\*\*Plaintiff hereby demands a trial by struck jury in this cause\*\*\***

/s/T. Geoffrey Dillard
OF COUNSEL

**Defendant's Address:**

Dollar Tree                                        (PLEASE SERVE BY CERTIFIED MAIL)
CORPORATION SERVICE COMPANY INC
641 South Lawrence Street
Montgomery , AL 36104



AlaFile E-Notice

68-CV-2021-900312.00

To:   TIMOTHY LEE DILLARD
      timldillard@yahoo.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEBRA CRAIG V. DOLLAR TREE
68-CV-2021-900312.00

The following complaint was FILED on 6/11/2021 3:16:57 PM

Notice Date:      6/11/2021 3:16:57 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900312.00

To:  DOLLAR TREE
     CORP SERVICE COMPANY INC
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEBRA CRAIG V. DOLLAR TREE
68-CV-2021-900312.00

The following complaint was FILED on 6/11/2021 3:16:57 PM

Notice Date:     6/11/2021 3:16:57 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900312.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DEBRA CRAIG V. DOLLAR TREE

**NOTICE TO:** DOLLAR TREE, CORP SERVICE COMPANY INC 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), TIMOTHY LEE DILLARD

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 310 18th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of UNDERLINE DEBRA CRAIG pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/11/2021 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ TIMOTHY LEE DILLARD

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____

*(Date)*

_____   _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____

*(Server's Printed Name)*   *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DEBRA CRAIG V. DOLLAR TREE

68-CV-2021-900312.00

To:  CLERK BESSEMER
clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $7.16

Parties to be served by Certified Mail - Return Receipt Requested

DOLLAR TREE                                          Postage: $7.16
CORP SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dollar Tree
Corp Service Co Inc
641 South Lawrence St
Montgomery, Al 36104

FILED IN OFFICE
JUN 30 2021
CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA



9590 9402 6306 0274 9921 49

2. Article Number (Transfer from service label)

PS Form 3811,

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Kelly Webster
☑ Agent
☐ Addressee

B. Received by (Printed Name)
FILED IN OFFICE
C. Date of Delivery
6-25-21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No
Dal- 900310
StC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

9590 9402 6306 0274 9921 49

MONTGOMERY AL 360

28 JUN 2021 PM 4 L

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P. O. BOX 1310
BESSEMER, ALABAMA 35021-1310



AlaFile E-Notice

68-CV-2021-900312.00
Judge: DAVID J HOBDY

To:  DILLARD TIMOTHY LEE
     timldillard@yahoo.com

---

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEBRA CRAIG V. DOLLAR TREE
68-CV-2021-900312.00

The following matter was served on 6/25/2021

**D001 DOLLAR TREE**
**Corresponding To**
CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2021-900312.00

To:  VIRGINIA FLOWERS GAMBACURTA
     vgambacurta@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEBRA CRAIG V. DOLLAR TREE
68-CV-2021-900312.00

The following answer was FILED on 7/21/2021 8:57:26 AM

Notice Date:      7/21/2021 8:57:26 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
7/21/2021 8:57 AM
68-CV-2021-900312.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | | |
|---|---|---|
| DEBRA CRAIG, an individual, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 68-CV-2021-900312 |
| | ) | |
| DOLLAR TREE, a corporation, et al. | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

---

### ANSWER

---

COMES NOW the Defendant designated as "Dollar Tree" (hereinafter "Dollar Tree" or "Defendant") and for answer to Plaintiff's Complaint, states as follows:

1. Admitted, upon information and belief.

2. Defendant admits that the duty owed to Plaintiff will be determined by Plaintiff's classification as an invitee, licensee or trespasser at the time of the subject incident.

3. Defendant denies the material allegations in this paragraph and demands strict proof thereof.

4. Defendant denies the material allegations in this paragraph and demands strict proof thereof.

5. Defendant denies the material allegations in this paragraph and demands strict proof thereof.

6. Defendant denies the material allegations in this paragraph, as it relates to Dollar Tree, and demands strict proof thereof.

### **FIRST DEFENSE**

Defendant denies the material allegations in the Complaint and demands strict proof thereof.

## SECOND DEFENSE

The Complaint, in whole or in part, fails to state a claim against Defendant Dollar Tree upon which relief may be granted.

## THIRD DEFENSE

The Complaint asserts claims which may be barred under the applicable statutes of limitations and/or statutes of repose.

## FOURTH DEFENSE

Defendant denies that it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

## FIFTH DEFENSE

Defendant avers that Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

## SIXTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, equitable, estoppel, collateral estoppel and/or judicial estoppel.

## EIGHTH DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence and/or wantonness of Defendant and the Plaintiff's alleged injuries or damages.

## NINTH DEFENSE

Any damages suffered by Plaintiff were proximately caused by the acts or omissions of a third party over whom Defendant has/had no control.

**TENTH DEFENSE**

Defendant pleads the failure of Plaintiff to mitigate Plaintiff's alleged damages.

**ELEVENTH DEFENSE**

Defendant avers lack of notice of the condition referenced in Plaintiff's Complaint.

**TWELFTH DEFENSE**

Defendant avers that any alleged hazard or defect in the premises was an open and obvious condition which bars Plaintiff's recovery.

**THIRTEENTH DEFENSE**

Plaintiff is not the proper party to prosecute this action.

**FOURTEENTH DEFENSE**

Plaintiff is not the real party in interest and lacks standing to prosecute this action.

**FIFTEENTH DEFENSE**

Defendant pleads the damages alleged by Plaintiff in the Complaint are not allowed under applicable law.

**SIXTEENTH DEFENSE**

Defendant avers improper and/or insufficiency of service of process.

**SEVENTEENTH DEFENSE**

Defendant denies it engaged in any act or omission that would allow an award of punitive damages.

**EIGHTEENTH DEFENSE**

Defendant avers that Plaintiff's claimed injuries and damages were the result of superseding or intervening acts other than Defendant's conduct as alleged by Plaintiff.

**NINETEENTH DEFENSE**

Defendant pleads improper venue and Plaintiff's claims are barred by *Ala. R. Civ. P.* 12(b)(3).

**TWENTIETH DEFENSE**

Defendants plead the defense of lack of subject matter jurisdiction.

**TWENTY-FIRST DEFENSE**

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**TWENTY-SECOND DEFENSE**

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

**TWENTY-THIRD DEFENSE**

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

**TWENTY-FOURTH DEFENSE**

Any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

**TWENTY-FIFTH DEFENSE**

Any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

**TWENTY-SIXTH DEFENSE**

Any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

**TWENTY-SEVENTH DEFENSE**

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**TWENTY-EIGHTH DEFENSE**

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**TWENTY-NINTH DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**THIRTIETH DEFENSE**

Any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive

fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### THIRTY-FIRST DEFENSE

Any award of punitive damages to Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### THIRTY-THIRD DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama

Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

## THIRTY-FOURTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

## THIRTY-FIFTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

## THIRTY-SIXTH DEFENSE

Any award of punitive damages to Plaintiff in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Philip Morris v. Williams,* 127 S.C.1057, 1063 (2007).

## THIRTY-SEVENTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendant without due process, to the extent that Plaintiff seeks to punish Defendant for an injury inflicted upon nonpareils to this litigation (e.g. victims whom the Plaintiff does not represent).  "[The Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonpareils . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams,* 127 S.C. 1057, 1063 (2007).  The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

## THIRTY-EIGHTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority."  Thus, the punitive damage system in place in the State deprive Defendant of "fair notice . . . of the severity of the penalty that [could be] imposed]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams,* 127 S.C. 1057, 1063 (2007).

## THIRTY-NINTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages.  Thus, the State's procedure forwarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[Given the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams,* 127 S.C. 1057, 1062 (2007) (citations omitted.)

## FORTIETH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages.  Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "Given the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams,* 127 S.C. 1057, 1059 (2007) (citations omitted.)

### FORTY-FIRST DEFENSE

Plaintiff's claims for punitive damages against the Defendant cannot be sustained because an award of punitive damages based on anything other than Defendant's conduct toward actual parties imposes "one State's (or one jury's) "policy choice" upon "neighboring states" with different public policies," in violation of the Due Process Clause of the United States Constitution.  *Philip Morris v. Williams,* 127 S.C. 1057, 1059 (2007) (quoting *BMW of North America v. Gore,* 517 U.S. 559, 568, 116 S. Ct. 1589, 134 L. Ed. 2d 809).

### FORTY-SECOND DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of punitive damages.  "It is constitutionally important for a court to provide assurance that a jury is asking the right question."  *Philip Morris v. Williams,* 127 S.C. 1057, 1059 (2007).

### FORTY-THIRD DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages.  Thus, the punitive damage system in place in State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages.  Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant.  "Where the misunderstanding is a significant one . . . a court, upon request, must protect against that risk." *Philip Morris v. Williams,* 127 S.C. 1057, 1065 (2007)." Federal constitutional law obligates [courts] to provide some form of protection [to defendants] in appropriate cases."  *Id.* (emphasis added).

/s/ Virginia F. Gambacurta
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
A. BRITTON O'SHIELDS  (O'S002)
Attorneys for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        vgambacurta@carrallison.com
        boshields@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;

_____ Hand Delivery;

_____ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or

__XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

T. Geoffrey Dillard, Esq.
Timothy L. Dillard, Esq.
Dillard & Associates, L.L.C.
3928 Montclair Road, Suite 208
Birmingham, Alabama  35213
dillardandassoc@aol.com


/s/ Virginia F. Gambacurta
OF COUNSEL



AlaFile E-Notice

68-CV-2021-900312.00

To:   VIRGINIA FLOWERS GAMBACURTA
      vgambacurta@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEBRA CRAIG V. DOLLAR TREE
68-CV-2021-900312.00

The following discovery was FILED on 7/21/2021 9:11:58 AM

Notice Date:      7/21/2021 9:11:58 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

ELECTRONICALLY FILED
7/21/2021 9:11 AM
68-CV-2021-900312.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| **DEBRA CRAIG, an individual,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 68-CV-2021-900312** |
| | ) | |
| **DOLLAR TREE, a corporation, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

_____

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS
_____

NOTICE is hereby given to the Clerk of this Court that the following documents were

duly served on all counsel of record in the above proceeding.

- Defendant's First Interrogatories to Plaintiff; and

- Defendant's First Requests for Production of Documents to Plaintiff.


/s/ Virginia F. Gambacurta
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
A. BRITTON O'SHIELDS (O'S002)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
         vgambacurta@carrallison.com
         boshields@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

|        |                                                                                                      |
|--------|------------------------------------------------------------------------------------------------------|
| _____  | Facsimile transmission;                                                                              |
| _____  | Hand Delivery;                                                                                       |
| _____  | Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or |
| XX     | Using the Alafile or CM/ECF system which will send notifications of such to the following:           |

T. Geoffrey Dillard, Esq.
Timothy L. Dillard, Esq.
Dillard & Associates, L.L.C.
3928 Montclair Road, Suite 208
Birmingham, Alabama  35213
dillardandassoc@aol.com


/s/ Virginia F. Gambacurta
OF COUNSEL

ELECTRONICALLY FILED
7/21/2021 9:11 AM
68-CV-2021-900312.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON  COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| **DEBRA CRAIG, an individual,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 68-CV-2021-900312** |
| | ) | |
| **DOLLAR TREE, a corporation, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

_____

### DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF
_____

COMES NOW Defendant designated as "Dollar Tree" (hereinafter "Dollar Tree" or "Defendant") and propounds the following interrogatories to the Plaintiff pursuant to Rule 33 of the *Alabama Rules of Civil Procedure*:

### **INSTRUCTIONS**

1.	In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.	If any information called for by an Interrogatory is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

(a)	its date and type ( e.g. letter, memorandum, etc.);

(b)	its author;

(c)	to whom addressed;

(d)	all copy addressees;

(e)      all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(f)      the description of the subject matter discussed, described, referred to therein;

(g)      the specific reasons why you claim it is privileged; and

(h)      the name of its present custodian.

3.      In addition to the instructions pertaining to the Interrogatory, if the Plaintiff chooses to attach documents in lieu of an answer to a specific Interrogatory, Defendant requests that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.      "Plaintiff", "You", or "Yours" means the named Plaintiff in this case, Debra Craig, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.      "Identify" or "Identification" shall mean:

(a)      when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)      when used in reference to a business entity, the entity's name and address, its principal place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)      when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

6.      "Incident" refers to the July 11, 2020 accident referenced in your Complaint.

## DUTY OF SUPPLEMENTATION

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)      Any request or question directly addressed to:

    (1)      the identity and location of persons having knowledge of discoverable matters, and

    (2)      the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)      Any response or answer to questions or requests, if you obtain information upon the basis of which:

    (1)      you know that the prior response was incorrect when made, or

    (2)      you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

## FIRST INTERROGATORIES TO PLAINTIFF

1.      State your full legal name, residence address, date of birth, Social Security Number, driver's license number, educational background, occupation and business address.

2.      Identify all individuals who provided information and/or who participated in preparing responses to these interrogatories.

3.      Identify all document(s) relied upon or examined by Plaintiff and/or her agent(s) in preparing Plaintiff's responses to these interrogatories.

4.      Identify each and every employer of yours during the last ten (10) years.

5.      Specify in all possible detail how the incident, made the basis of Plaintiff's Complaint, occurred.

6.      Specify in all possible detail each and every physiological and emotional injury you claim you sustained as a result of the incident.

7.      Specify in all possible detail and quantify separately and severally each and every damage you claim you have sustained as a result of the incident.

8.      Specify in all possible detail any injuries that you have suffered <u>before</u> the incident for which you have sought medical treatment.

9.      Identify each health care provider, including but not limited to, physicians, chiropractors, physical therapists and hospitals, from which you have sought medical treatment during the last ten (10) years regardless of the reason for seeking treatment.

10.     Identify each health care provider, including but not limited to, physicians, chiropractors, physical therapists and hospitals, from which you have sought medical treatment related to the alleged injuries made the basis of this litigation.

11.     Identify all individuals who accompanied you to Defendant's premises on July 11, 2020.

12.     Identify all individuals known or believed by you to have witnessed the incident.

13.     Identify every expert witness, including medical experts, whom you expect to testify at the trial of this action and specify in all possible detail the substance of the facts and opinions to which each expert is expected to testify, including in your response a summary of the grounds for the opinion of each such expert.

14.     Identify all witnesses Plaintiff plans to call to testify in this case and state in all possible detail each witnesses' anticipated testimony.

15.     Identify every standard, code, regulation, statute and/or duty you contend was violated by Defendant with regard to the incident.

16.     Specify in all possible detail your claim that Defendant was negligent as alleged in your Complaint. Please include in your response any and all facts that support your negligence claim and identify all individuals who have or claim to have knowledge to support your negligence claim.

17.     Specify in all possible detail your claim that Defendant was wanton as alleged in your Complaint. Please include in your response any and all facts that support your wantonness claim and identify all individuals who have or claim to have knowledge to support your wantonness claim.

18.     State all facts that support your contention that Defendant Dollar Tree "failed to maintain their premises in a safe condition" as alleged in Plaintiff's Complaint.

19.     Identify all individuals who have or claim to have knowledge to support your contention that Defendant Dollar Tree "failed to maintain their premises in a safe condition" as alleged in Plaintiff's Complaint.

20.     Specify in all possible detail the defective condition on Defendant's premises as alleged in Plaintiff's Complaint.

21.     State all facts that support your contention that Defendant Dollar Tree knew or should have known of the defective condition on its premises and failed to adequately warn the Plaintiff of said defective condition as alleged in Plaintiff's Complaint.

 as alleged in Plaintiff's Complaint.

22.     Identify all individuals who have or claim to have knowledge to support your contention that Defendant Dollar Tree knew or should have known of the defective condition on

its premises and failed to adequately warn the Plaintiff of said defective condition as alleged in Plaintiff's Complaint.

23.     Identify all entities against which you have made a claim for personal injuries and/or property damages within the ten (10) years preceding the incident.

24.     State whether you have ever been arrested or convicted of any crime.  If so, identify the county and court where such arrest or conviction took place and identify the charge of the arrest and the results following the arrest.

25.     State whether you have ever filed for Social Security benefits.  If so, identify the city and state where you filed for such benefits, and state any and all rulings you have received in connection with the filing for such benefits.

26.     State whether you have ever filed for bankruptcy.  If so, state whether the case has been discharged and identify the date of the filing, the court, and the case number.

27.     Specify in all possible detail any and all conversations or other oral communications whether directly to you, directly from you, overheard by you, or otherwise involving any defendant or any defendant's employees, agents, or representatives regarding the incident and/or the premises made the basis of this litigation.  Include all available detail in your response, including but not limited to the substance of what was said, the identity of the person making the statement, the identity of anyone else who was present or otherwise witnessed the statement, and the date, time, and location the statement was made.

28.     At the time of the incident made the basis of this lawsuit or at any time since the incident, please state whether you were insured or covered under any type of health or medical insurance, workers' compensation insurance, Medicare, Medicaid, or any other collateral source which provided health and/or medical benefit coverage or payments on your behalf to health care providers for any of the injuries or damages you are claiming in this lawsuit, and, if so, state:

a.      The name of the entity or source that made said payment on Plaintiff's behalf, including the group/contract/policy numbers, the amount of said payment, and to whom said payment was made.

b.   The specific expense, injury, damage, or treatment said payment was made for.

c.   Whether you were required to pay a deductible and/or co-pay, or any amount out-of-pocket to said entity or provider, and if so, to whom payment was made, and in what amount.

d.   Whether the entity has asserted a lien or subrogation claim pertaining to any proceeds you may receive through the disposition of this lawsuit.

e.   The amount of said lien or subrogation claim.

f.   If a lien has been filed, the date the lien was filed and the county and state where said lien is filed.

g.   Whether the subrogation claim(s) or lien(s) have been paid or otherwise satisfied.

29.   State whether you have ever filed for Social Security benefits. If so, identify the city and state where you filed for such benefits, and state any and all rulings you have received in connection with the filing for such benefits, whether counsel was retained to assist with the application and the name of said attorney, and if Social Security Disability benefits were awarded, the date in which you will become a Medicare beneficiary.

30.   Please list each and every pharmacy that you have ever used. For each pharmacy, include the name of the pharmacy, address, and dates that you used each pharmacy.

31.   Identify all documents withheld under a claim of privilege, stating the privilege claim, the dates the document was created and last modified, who created and last modified the document, the form of the document (i.e., if electronic, the file type) and a summary description of the contents of the document.

/s/ Virginia F. Gambacurta
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
A. BRITTON O'SHIELDS  (O'S002)
Attorneys for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        vgambacurta@carrallison.com
        boshields@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_   Facsimile transmission;
\_\_\_\_\_   Hand Delivery;
\_\_\_\_\_   Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
  XX    Using the Alafile or CM/ECF system which will send notifications of such to the following:

T. Geoffrey Dillard, Esq.
Timothy L. Dillard, Esq.
Dillard & Associates, L.L.C.
3928 Montclair Road, Suite 208
Birmingham, Alabama  35213
dillardandassoc@aol.com


/s/ Virginia F. Gambacurta
OF COUNSEL

ELECTRONICALLY FILED
7/21/2021 9:11 AM
68-CV-2021-900312.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

DEBRA CRAIG, an individual,      )
                                   )
    Plaintiff(s),            )
                                   )
v.                              )     CIVIL ACTION NO.: 68-CV-2021-900312
                                   )
DOLLAR TREE, a corporation, et al.    )
                                   )
                                   )
    Defendant(s).         )

---

### DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
---

       COMES NOW the Defendant designated in Plaintiff's Complaint as "Dollar Tree" (hereinafter "Dollar Tree" or "Defendant") and propounds the following requests for production to Plaintiff pursuant to Rule 34 of the *Alabama Rules of Civil Procedure*:

### INSTRUCTIONS

       1.    In answering these requests, you are required to furnish all documents and information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

       2.    If any information called for by a request is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

            (a)    its date and type ( e.g. letter, memorandum, etc.);

            (b)    its author;

            (c)    to whom addressed;

            (d)    all copy addressees;

(e)    all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(f)    the description of the subject matter discussed, described, referred to therein;

(g)    the specific reasons why you claim it is privileged; and

(h)    the name of its present custodian.

3.    Defendants request that each document produced in response to these requests be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## **DEFINITIONS**

1.    "Plaintiffs", "You", or "Yours" means the named Plaintiff in this case, Debra Craig, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.    "Identify" or "Identification" shall mean:

(a)    when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)    when used in reference to a business entity, the entity's name and address, its principal place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)    when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

6.      "Incident" refers to the July 11, 2020 accident referenced in your Complaint.

## DUTY OF SUPPLEMENTATION

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)     Any request or question directly addressed to:

(1)     the identity and location of persons having knowledge of discoverable matters, and

(2)     the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)     Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)     you know that the prior response was incorrect when made, or

(2)     you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other health care provider, emergency room

reports, and correspondence from or to any physicians from whom you have sought treatment as a result of the injuries claimed in your Complaint.

2.      Copies of all medical bills from any health care provider pertaining to the injuries you allege you received as a result of the incident.

3.      Copies of any other written materials which in any way pertain to the injuries claimed in your Complaint.

4.      Copies of any and all documents, exhibits, photographs, drawings, maps, and/or demonstrative aids that Plaintiffs intend to use at the trial of this case.

5.      Copies of any and all photographs, drawings, maps, or any other reproduction of Defendant's premises and the alleged defective and/or dangerous condition referenced in your Complaint.

6.      Copies of any and all photographs, drawings, maps, or any other reproduction of the area where you are alleging the incident occurred.

7.      Copies of all documents evidencing or purporting to support your claims that Defendant was negligent and/or wanton on the occasion made the basis of your Complaint.

8.      Copies of all documents evidencing or purporting to support your claims that Defendant violated any standard, code, regulation, statute and/or duty with regard to the premises on which Plaintiff claims to have been injured.

9.      Copies of any and all photographs of Plaintiff that in any way show Plaintiff's injuries.

10.     Copies of any and all accident/incident reports regarding the incident made the basis of this litigation.

11.     Copies of any and all correspondence between Plaintiff or Plaintiff's representative and Defendant or Defendant's representative, including any and all documents received by you or your representative from Defendant or Defendant's representative or sent by you or your representative to Defendant or Defendant's representative.

12.     Copies of any and all statements, written or recorded, obtained by you or on your behalf concerning the subject litigation.

13.     Copies of all income tax returns, including all attachments thereto, both state and federal, of the Plaintiff for the years 2017 through the present, inclusive, being mindful of your ongoing duty to supplement as additional tax returns are filed during the course of this litigation.

14.     Copies of all payroll stubs, invoices for services rendered, or any other documents of any type that reflect any earnings by Plaintiff between the date of her alleged injury and the present date.

15.     Copies of any and all documents regarding or reflecting monetary payments received by the Plaintiff and/or made on the Plaintiff's behalf as a result of the incident made the basis of this litigation.

16.     Copies of Plaintiff's driver's license, Social Security card, health insurance card, including Medicare and/or Medicaid, if applicable.

17.     Produce a copy of any and all applications, documents, medical records, vocational reports, rulings, determinations either supplied to or received from the Center for Medicare and Medicaid Services and/or Social Security relating to any and all efforts to receive such benefits.

18.     Copies of all documents that were reviewed and/or referenced in responding to Defendant's First Interrogatories.

/s/ Virginia F. Gambacurta
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
A. BRITTON O'SHIELDS  (O'S002)
Attorneys for Defendant

**OF COUNSEL**:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        vgambacurta@carrallison.com
        boshields@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Hand Delivery;
_____ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
 XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

T. Geoffrey Dillard, Esq.
Timothy L. Dillard, Esq.
Dillard & Associates, L.L.C.
3928 Montclair Road, Suite 208
Birmingham, Alabama  35213
dillardandassoc@aol.com

/s/ Virginia F. Gambacurta
OF COUNSEL